IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN PATTISON,<br><br>             Plaintiff,<br><br>    v.<br><br>CALAVERAS COUNTY WATER DISTRICT, JOON LOPEZ, and Does 1-20, inclusive,<br><br>             Defendants | 1:13-cv-0071 AWI SAB<br><br>MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)<br><br>Doc. # 8 |

      This is an action for damages and injunctive relief by plaintiff Edwin Pattison ("Plaintiff") against defendants Calaveras County Water District ("District") and Joone Lopez ("Lopez") (collectively, "Defendants"). Plaintiffs claims for relief arise out of his termination from the position of Water Resources Manager on or about March 9, 2012. This action was originally filed in the Superior Court of Calaveras County and was removed to this court on the basis of federal subject matter jurisdiction. Currently before the court is Defendants' motion to dismiss all claims alleged in Plaintiff's First Amended Complaint ("FAC") as to Lopez and to dismiss all claims as to District *except* Plaintiff's fifth claim for relief for discrimination in violation of California's Fair Employment and Housing Act ("FEHA"). Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Prior to the termination of his employment at District on March 9, 2012, Plaintiff had been employed as a Water Resources Manager for approximately 7 years. Plaintiff alleges his job performance met or exceeded all requirements and expectations of his employment. Plaintiff was placed on "administrative leave" on February 28, 2012, without any explanation of the action. The FAC alleges that on March 5, 2012, "a 'Board Workshop' was held which eliminated [P]laintiff's position with no pre or post termination due process." Doc. # 1-1 at ¶7. On March 6, 2012, Plaintiff was notified by mail that his last day of employment was to be March 9, 2012. In paragraph 8 of the FAC, Plaintiff alleges that "[o]n March 8, 2012, [he] responded through counsel and requested, among other things, a due process hearing." Plaintiff alleges that District responded through counsel on March 16, 2012, stating that it had no plans to reconsider the elimination of the Resource Manager's position previously held by Plaintiff. In the prior paragraph of the FAC, Plaintiff references a "claim" that was rejected by District. The reference to a "claim" is ambiguous, but the court presumes for purposes of this discussion that the "claim" referenced in paragraph 7 is the same as the request for a due process hearing referenced in paragraph 8. The court notes that the "claim" referenced in paragraph 7 is not the same as the claim filed with the Department of Fair Employment and Housing ("DFEH") in connection with Plaintiff's discrimination claim under FEHA.

Several facts are conspicuous by their absence from Plaintiff's FAC, but they are suggested by the parties' arguments and appear not to be disputed. Plaintiff alleges without opposition that District is a public agency and, although not directly alleged, it appears undisputed that District is governed by an elected Board which possesses legislative or quasi-legislative authority over such District matters as budgeting and position allocation. The FAC alleges that the action taken at the "Board Workshop" resulted in the elimination of a number of positions, but that the position occupied by Plaintiff was the only currently filled position that was eliminated. Plaintiff's fifth claim for relief alleges there was a discriminatory motive behind the selection of his position, but Plaintiff appears to concede

that, at least formally, Plaintiff was not terminated for cause.  Finally, although Plaintiff alleges he was give to believe through conversations with Lopez that he would not be terminated except for cause, Plaintiff does not allege that there existed any formal employment contract between Plaintiff and District and does not allege that Plaintiff was represented through any formal agreement by a union or other bargaining group.

The action was removed to this court on January 9, 2013.  The instant motion to dismiss was filed on January 29, 2013.  After a stipulated continuance of the filing deadline, Plaintiff's opposition was filed on March 8, 2013, and Defendants' reply was filed on March 13, 2013.  The hearing on the motion to dismiss and the matter was taken under submission as of March 20, 2013.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

3

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

Plaintiff's FAC alleges six claims for relief. Except for Plaintiff's fifth claim for relief for discrimination based on gender in violation of FEHA, which is not being directly challenged by Defendants' motion, Plaintiff's claims allege the depravation of a proprietary right in his employment with District. Plaintiff's FAC alleges two theories by which these proprietary rights arise. Plaintiff's first and second claims for relief are based in the contention that an employee has a property right in his employment as a matter of law and that due process rights under the Fourteenth Amendment and the California constitution, respectively, are violated if employment is terminated without a proper hearing. Plaintiff's third, fourth and sixth claims for relief allege that, in plaintiff's case, a property right in Plaintiff's employment arose as a result of verbal assurances given to Plaintiff by Defendant Lopez. Plaintiff contends that termination without cause violated the terms of that oral contract.

**I. Contractually Established Rights in Employment**

> A government employee has a constitutionally protected property interest in continued when the employee has a legitimate claim of entitlement to the job. Board of Regents v. Roth, 408 U.S. 564, 577 (1972) [. . . .] Laws, rules or understandings derived from independent sources such as state law

>create such claims of entitlement. Id.  However, a mere expectation that employment will continue does not create a property interest. Id.  If, under state law, employment is at-will, then the claimant has not property interest in the job. Id.

Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

In the abstract, a constitutionally protected property interest can be created "not only by statute , but also by contracts," including oral or implied-in-fact contracts. Hoesterey v. City of Cathedral City, 64 F.3 666, 1995 WL 496796 (C.A.9 (Cal.)) at *2.  However, the existence of a contractual agreement creating a constitutionally protected property interest must be determined in light of the state's laws concerning contractual modification of rights created by statute. See id. at *3.

"Public employment in California is, in general, regulated by statute, the rights of a public employee are statutory, and 'no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law.'" Bernstein v. Lopez, 321 F.3d 903, 905 (9th Cir.2003) (emphasis added) (quoting Miller v. State, 18 Cal.3d 808, 813 (1977)). The Ninth Circuit, recognizing this "longstanding principle of California law," has held that "neither an express nor an implied contract can restrict the reasons for, or the manner of, termination of public employment provided by California statute." Id. (emphasis added) (citing Portman v. County of Santa Clara, 995 F.2d 898, 905 (9th Cir.1993)).  To the extent state or local governing bodies can enter into contracts establishing contractual rights to employment, the authority to enter into such agreements is conferred by statute. See, e.g., Jones v. Palm Springs Unified School Dist., 170 Cal.App.3d 518 (1985) (school administrator hired under contract pursuant to Education Code § 35031 may claim due process rights to position during the 4-year term of the contract authorized by the statute).  Thus, in California "as a matter of law, there can be no express or implied-in-fact contract between [a plaintiff and a public entity] which restricts the manner or reasons for termination of his employment." Summers v. City of Cathedral City, 225 Cal.App.3d 1047, 1065 (4th Dist. 1990).

Plaintiff alleges no statutory basis for District's authority to contractually modify

5

Plaintiff's at-will employment status so as to create a property right in Plaintiff's continuing employment.  The court therefore finds that District was without authority to create such a contractual property right and any assurances that Plaintiff may have received to that effect were merely that – reassurances that did not rise to the level of contract.  Since there can be no implied-in-fact contract between Plaintiff and District,there can be no cause of action for breach.  Plaintiff's third claim for relief consequently fails.  Likewise, Plaintiff's fourth claim for relief for breach of implied covenant of good faith and fair dealing must fail.  A claim for breach of an implied covenant "depends upon the existence of a valid contract." Stanley v. Univ. of Southern California, 176 F.3d 1069, 1078 (9th Cir. 1999).  A claim for breach of the covenant of good faith and fair dealing must fail where, as here, no valid contract is identified.  Plaintiff's sixth claim for relief for specific performance fails for the same reason.

The court has no information before it at this point to determine that Plaintiff is not a member of a collective bargaining unit or, for some other reason, he is the beneficiary of some other form of contractual agreement that would provide a contractual right to continued employment under the facts of this case.  The court will therefore grant leave to amend Plaintiff's claims based on a contractual right to continued employment.

**II. Constitutional Due Process Rights**

"The Fourteenth Amendment's guarantee of due process applies when a constitutionally protected liberty or property interest is at stake. [Citation.]" Matthews v. Harney County, Oregon, School Dist. No. 4, 819 F.2d 889, 891 (9 Cir 1987) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972) ("Roth")).  Plaintiff's central contention with regard to the first and second claims for relief is that Plaintiff had a property interest in his job that was abridged when he was terminated without a hearing.  Thus, it is Plaintiff's implied contention that the interest protected by the hearing is a *property* interest protected by the Fourteenth Amendment.

"Property interests, of course, are not created by the Constitution.  Rather, they are created and their dimensions are defined by existing rules or understandings that stem from

an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Roth, 408 U.S. at 577. "Whether an expectation of entitlement is sufficient to create a property interest 'will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [decisionmaker].' [Citation]." Allen v. City of Beverly Hills, 911 F.2d 367, 370 (9th Cir. 1990) (quoting Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir. 1980)). Plaintiff's opposition to Defendants' motion to dismiss advances what appear to be two lines of reasoning to support the contention that Plaintiff had a property interest in the continuation of his employment. First, Plaintiff cites Cleveland Board of Education v. Laudermill, 470 U.S. 532 (1985) ("Laudermill") for the proposition that Plaintiff was entitled to a hearing prior to his termination. Laudermiss is unavailing to Plaintiff's cause because the fact of entitlement to continuing employment except for cause was provided in that case by the Ohio statue under which the plaintiff in that case was employed. In other words, the facts of that case established that the plaintiff had a property interest in the continuation of employment because the statute under which the plaintiff was employed sharply restricted the discretion of the school district so that termination was only permitted for cause. No such statutory provision has been put forward by Plaintiff in this case.

Plaintiff also contends that he has a property interest in the continuation of his employment through the California's Civil Service Act, Gov't Code § 18500. There are several problems with Plaintiff's contention. First, there is no indication that Plaintiff's employment is governed in any respect by the Civil Service Act. Depending on how District is organized, Plaintiff is either an employee of the County of Calaveras or the District is an independently governed district within the county. Even if District or the County adopted the Civil Service System, it does not follow that Plaintiff had a property right in his continuing employment. See Placer County Employees Ass'n v. Board of Supervisors, 233 Cal.App.2d 555, 559 (1965) ("the adoption of a civil service system does not restrict the governing body's power to effect structural reorganizations in the interests of economy and

efficiency").

Plaintiff's FAC fails to set forth any statute or provision pertaining to District that restricts in any way the District's right to hire and terminate employment at will. To state a claim for relief on the basis of denial of due process Plaintiff's FAC must allege some basis for the assertion of a right that is protected under the Due Process Clause of the Fourteenth Amendment or under the California Constitution. The mere assertion that such a right exists is not enough. The right to a pre- or post-termination hearing is not free-standing; a hearing need not be provided if due process rights are not implicated. In the context of employment, the interests that can legitimately arise are property interests secured to the employee through identifiable statutes or agreements or the employee's liberty interest which is implicated when termination impairs the employee's reputation for honesty or morality. Matthews v. Harney County, Or. School Dist. No. 4, 819 F.2d 889, 891 (1987). In either context, however, the protected interest is an element of the constitutional claim and must be alleged in the complaint. Because Plaintiff has failed to allege a property or liberty interest cognizable under the Fourteenth Amendment or under the California Constitution, Plaintiff's first and second claims for relief must fail.

Plaintiff does not allege in his FAC that there was any allegation of moral misconduct that would give rise to a constitutionally protected liberty interest that would require vindication by way of a hearing. As above, the absence of alleged facts does not necessarily mean no such facts exist. The court will therefore permit amendment of Plaintiff's claims based on a constitutionally protected right in a post-discharge hearing.

**III. Motion to Dismiss Lopez in Her Individual Capacity**

Defendants move to dismiss Defendant Lopez who is sued in her individual capacity in Plaintiff's fifth claim for relief for discrimination under FEHA. Defendants rely on Reno v. Baird, 18 Cal.4th 640 (1998) for the proposition that those actions that are integral to personnel management – hiring, firing, promotion, demotion, training, etc. – are the actions which, if taken for discriminatory purposes, constitute a violation of FEHA prohibitions

against discrimination.  The Reno court differentiates discrimination from harassment noting that the two are treated differently under FEHA.  Id. at 645-646 (discrimination emanates from conduct inherently necessary to performance of a supervisors job while discrimination is conduct outside the scope of necessity for performance of a supervisor's job).  The Reno court, after a lengthy analysis of the decision in Janken v. G.M Hughes Electronics, 46 Cal.App.4th 55 (1996), came to the conclusion "that individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts." Id. at 663.

Plaintiff does not dispute Defendants' contention.  The court will therefore dismiss Plaintiff's claim under FEHA against Lopez as an individual.  The dismissal will be with prejudice.

**IV.  Punitive Damages**

Defendants contend that, pursuant to Cal. Gov't Code § 818 "' public entity is not liable for damages under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.'" Doc. # 8-1 at 17:6-7. Plaintiff does not dispute that his prayer for punitive damages is for the "for the sake of example and by way of punishing the defendant" but contends that such damages are permissible to the extent the prayer for punitive damages is against Lopez as an individual.

Since Plaintiff's argument tacitly agrees that punitive damages are not available against District, the court will grant the motion to strike the punitive damages claims as to District.  Plaintiff's punitive damages claim against Lopez fails for another compelling reason; Plaintiff has failed to allege conduct by Lopez that is  oppressive, fraudulent, despicable or otherwise "outrageous conduct beyond the bounds of human decency." Janken, 46 Cal.App.4th at 80.  The fact that Plaintiff's FAC describes Lopez's conduct as "outrageous, despicable," and the like does not make it so.  Supervisory acts, even if taken for improper purposes are never sufficient to describe conduct subject to punitive damages.  Id. Plaintiff alleges nothing more than that he personally experienced termination by Lopez and

that the termination was the result of her discriminatory attitude toward men.  While that may certainly be offensive to Plaintiff it is still conduct within the scope of personnel supervision and therefore cannot be, without more, conduct that warrants punitive damages.  The court also notes that no viable claims remain against Lopez in Plaintiff's FAC.  For that reason, Defendants' motion to dismiss (or strike) Plaintiff's prayer for punitive damages as to Lopez is moot.

THEREFORE, for the reasons discussed, the court hereby ORDERS as follows:

1. Defendants' motion to dismiss Plaintiff's first, second, third, fourth and sixth claims for relief is GRANTED as to all Defendants without prejudice.
2. Defendants' Motion to strike Plaintiff's prayer for punitive damages against Defendant District is GRANTED.  Plaintiff's prayer for punitive damages against District is hereby STRICKEN with prejudice.  Defendants' motion to strike Plaintiff's prayer for punitive damages as to individual Defendant Lopez is DENIED as moot.
3. Defendant's motion to dismiss individual Defendant Lopez as to Plaintiff's fifth claim for relief is hereby GRANTED.  Lopez is hereby DISMISSED with prejudice as to Plaintiff's fifth claim for relief.
4. Any amended complaint shall be filed and served not later than twenty-eight (28) days from the date of service of this order.

IT IS SO ORDERED.

Dated:     March 26, 2013                                     _____
                                                                                        SENIOR  DISTRICT  JUDGE